# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRYCE JAMISON and BEATRICE RENEE JAMISON, | Case No: |
| *Plaintiff*, | Jury Trial Demanded |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, SIX FLAGS OVER GEORGIA II, L.P., and SIX FLAGS OVER GEORGIA, LLC. | |
| *Defendants*. | |

# COMPLAINT

Plaintiffs Bryce Jamison and Beatrice Renee Jamison ("Plaintiffs"), bring this personal injury action against Defendants for serious injuries that Plaintiff Bryce Jamison suffered on July 7, 2022 while riding Defendants' Six Flags Over Georgia Thunder River ride.

## I. NATURE OF CLAIM

1. On July 7, 2022, Defendants owned, operated, managed, inspected and/or controlled Six Flags Over Georgia and its ride called Thunder River.

2. This case involves terrible injuries to Plaintiff Bryce Jamison's body suffered on July 7, 2022 when Plaintiff was riding Defendants' Thunder River ride.

1

3. Due to Plaintiff Bryce Jamison's injuries suffered on July 7, 2022, Plaintiff Renee Jamison has lost the society, companionship, affection, sexual relations, and all other benefits and value arising from her spouse, Plaintiff Bryce Jamison.

## II. PLAINTIFFS

4. Plaintiff Bryce Jamison is a resident citizen of Orangeburg, South Carolina.

5. Plaintiff Renee Jamison is a resident citizen of Orangeburg, South Carolina.

## III. THE DEFENDANTS

6. Defendants owned, operated, managed, inspected and/or controlled Six Flags Over Georgia and its ride called Thunder River on July 7, 2022.

7. Defendant Six Flags Entertainment Corporation is a Corporation organized and existing under the laws of the State of Delaware with a principal place of business at 924 Avenue J East, Grand Prairie, Texas 75050. It is therefore a citizen of Delaware and Texas.

8. Defendant Six Flags Entertainment Corporation may be served through its registered agent for service of process in the State of Delaware: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

9.    Defendant Six Flags Over Georgia II, L.P. is a foreign limited partnership organized and existing under the laws of the State of Delaware, with a principal place of business at 275 Riverside Parkway, Austell, Georgia 30168. Upon information and belief, no limited partner of this Defendant is a citizen of Georgia or South Carolina and thus this defendant is not a citizen of Georgia or South Carolina.

10.   Defendant Six Flags Over Georgia II, L.P. may be served through its registered agent for service of process: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

11.   Defendant, Six Flags Over Georgia L.L.C. is a domestic limited liability company organized and existing under the laws of the State of Georgia. Upon information and belief, no member of this Defendant is a citizen of Georgia or South Carolina and thus this defendant is not a citizen of Georgia or South Carolina.

12.   Defendant Six Flags Over Georgia L.L.C. may be served through its registered agent for service of process: NRAI, 289 S. Culver Street, Lawrenceville, GA, 30046.

### IV.   JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14. Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 90(a)(2) and 1391 and LR 3.1(B)(3), N.D.GA., because a substantial part of the events, acts and/or omissions giving rise to the claim and Plaintiffs' injuries and other damages occurred within Cobb County, and because the Defendants regularly conduct business in this District and Division.

V. GENERAL FACTUAL BACKGROUND

15. At all material times, Defendants owned, operated, managed, inspected and/or controlled "Thunder River" amusement ride and attraction at Six Flags Over Georgia in Cobb County.

16. At all material times, Defendants acted by and through their duly authorized agents, servants, workmen, contractors and/or employees, acting within the scope of their authority and employment and in the course of Defendants' business.

17. On July 7, 2022, Plaintiffs were invitees who possessed valid tickets for themselves as well as their family members.

18. Prior to July 7, 2022, Plaintiff Bryce Jamison was in excellent physical and mental health working at least three jobs and attending part-time school. As a

result of his July 7, 2022 injuries, he has been unable to maintain the same level of work and school he did before he was injured.

19.     Plaintiff Bryce Jamison is approximately 66 years old and on July 7, 2022 was employed as a church pastor by Jones Chapel Baptist Church, as an operation assistant by Allen Funeral Home, and employed by his family farm as the only employee.  He also attended school part time.

20.     Before July 7, 2022, Plaintiff Bryce Jamison served as his 92 year old father's sole caretaker by making sure he goes to all his doctor appointments on time, takes his medication properly, eats sufficiently, and keeps a clean home.

21.     On July 7, 2022, while Plaintiff Bryce Jamison rode Thunder River with his family, he suffered serious injuries.

22.     Thunder River ride is designed as a circular boat that holds up to 12 passengers per boat. The seating is designed for passengers to sit in pairs. Because Plaintiff Bryce Jamison's wife did not get on this ride, it was only seven of them who rode with Plaintiff sitting on the seat by himself.

23.     Plaintiff Bryce Jamison and his family each fastened their seat belts as instructed by Defendants' attendant, and the attendant stood on the deck and asked them to raise their hands and shake their belts to make sure they were locked. They each complied.

24. The Thunder River ride then began and their boat took off down the "river." Towards the middle of the ride their boat collided with a boulder on the side of the wall which immediately ejected Plaintiff Bryce Jamison from his seat tossing him hard down between the next seat to the right of his seat.

25. Plaintiff Bryce Jamison injured his arm, neck, shoulder, back, and thigh when he was ejected by the violent collision.

26. After being tossed to the ground of the boat, Plaintiff Bryce Jamison's family members helped him up, but his boat hit another object again tossing him to the ground of the boat and further injuring him.

27. Plaintiff Bryce Jamison's seat belt failed because it appeared latched, but it was not and it was never checked by Defendants to ensure it was secure before they sent Plaintiff's boat down the "river."

28. Once Plaintiff Bryce Jamison was ejected from his seat, Defendants' attendant failed to stop the ride so that he could get back safely to his seat.

29. After the ride ended its normal course, Plaintiff Bryce Jamison was taken to Defendants' medical facility. His family then took him to Northside Hospital at 1000 Medical Center Blvd, Lawrenceville, GA 30046, around 7 pm on July 7th, 2022. He was release from the emergency room around 4 am.

30. The next morning, July 8th, 2022, Plaintiff Bryce Jamison could barely move or walk due to the pain and stiffness.

31. On Monday, July 11th Plaintiff Bryce Jamison started receiving chiropractic therapy from Dr. Stuart Eder, 975 Bells Hwy, Walterboro, SC 29488.

32. On July 20th, 2022. Dr. Eder sent Plaintiff Bryce Jamison to the Lowcountry Urgent Care for an x-ray.

33. On August 3rd, 2022 Dr. Eder sent Plaintiff Byrce Jamison to MRI and Pain Specialist of Charleston for an MRI.

34. Dr. Eder then referred Plaintiff Bryce Jamison to a pain specialist at Pain Specialist of Charleston, SC.

35. As a result of being ejected, Plaintiff Bryce Jamison suffered serious and permanent injuries requiring serious medical intervention.

**VI.     CLAIMS**

### COUNT I
### NEGLIGENCE

36. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendants had a duty of reasonable care and had certain duties, including without limitation the duties to:

    a. Operate Thunder River is a reasonable safe manner;

    b. Train their employees and ride attendants on the proper operation and limitations of Thunder River;

c. Supervise their employees and ride attendants to ensure that they adhered to safe and proper practices in the operation of Thunder River;

d. Be prepared to stop the Thunder River ride during an emergency;

e. Take all reasonable a proper steps to protect the safety of riders of Thunder River;

f. Take reasonable steps to ensure that boat were properly loaded, not overloaded, and that each occupant was properly restrained;

g. Properly warn patrons and visitors about the dangers of riding the Thunder River;

38. Defendants failed to exercise ordinary care in each of the above duties which created a high risk of unreasonable harm to Plaintiffs and consumers alike.

39. Specifically, Defendants were negligent in the ownership, operation, management, inspection and/or control in that, among other things, they:

a. Failed to properly balance the occupants and provide for appropriate weight distribution for Plaintiff;

b. Failed to ensure that Plaintiff's seat belt was operating properly before sending the boat down the ride;

c. Failed to stop the ride once Plaintiff was ejected from his seat;

d. Failed to operate Thunder River with due regard for the rights, safety, and position of riders, including Plaintiff;

e. failed to operate Thunder River in a safe and proper manner;

f. failed to instruct Plaintiff as to how to safely board and position himself safely on the boat;

g. failed to use reasonable care to employ reasonable and skilled employees and ride attendants to perform their duties and provide for reasonable care toward the Plaintiff;

h. unreasonably exposed Plaintiff to a dangerous condition which it knew or should have known;

i. failed to correct, remedy, repair and/or eliminate a dangerous condition upon Thunder River;

j. unreasonably exposed Plaintiff to injury by failing to follow its own rules regulations and standards for the safe operation of Thunder River.

40. Defendants were additionally negligent in that they failed to give adequate or proper warnings or instructions on how to ride Thunder River.

41. Defendants owed Plaintiff, as well as the public at large, the duty of reasonable care in their ownership, operation, management, inspection and/or control of Thunder River. Defendants failed this duty.

42. As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants and/or employees, the Plaintiffs suffered serious injuries requiring medical and surgical intervention.

43.     As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees, the Plaintiffs are unable and have been unable to attend to their usual daily duties and affairs and will be unable to attend to them in the future to their great detriment and loss.

44.     As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees Plaintiffs have suffered and Plaintiffs have been required to expend various sums of money for medical attention and medical apparatus in an effort to cure themselves of the injuries which they has sustained and will be required to pay for future medical expenses for an indefinite time in the future to their great detriment and loss.

45.     As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees Plaintiffs have suffered a permanent loss of their earning power and earning capacity.

46.     Defendants are, thus, liable for their negligence for all injuries and damages to Plaintiff related to this incident.

## COUNT II
## LOSS OF CONSORTIUM

47.     Plaintiffs incorporate by reference each of the allegations set forth in this Complaint as though fully set forth herein.

48. At all times material to this case, Plaintiff Renee Jamison was and is the spouse of Plaintiff Bryce Jamison.

49. Due to Plaintiff Bryce Jamison's injuries suffered on July 7, 2022, Plaintiff Renee Jamison has lost the society, companionship, affection, sexual relations, and all other benefits and value arising from her spouse, Plaintiff Bryce Jamison.

**VII.  DAMAGES**

50. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

51. Plaintiffs seek damages from Defendants for all past, present, and future pain and suffering resulting from their incident-related injuries, in an amount as determined by the enlightened conscience of the jury, including all past, present, and future mental and emotional pain and suffering resulting from her incident-related injuries, in amounts to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial.

52. Plaintiffs seek damages from Defendants for the loss of full enjoyment of life and disfigurement they have suffered and will continue to suffer as a proximate result of the incident and the injuries sustained therein, in an amount to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial.

53. Plaintiffs seek a recovery of punitive damages from Defendants in an amount that will effectuate the societal function of punishing and deterring misconduct, but which comports with the Constitutions of the United States and the State of Georgia.

### VIII. PRAYER FOR RELIEF

54. WHEREFORE, Plaintiffs respectfully pray for judgment against the Defendants for damages, including punitive (exemplary) damages, to which they are entitled by law, as well as all costs of this action, interest and attorneys' fees, to which they are entitled to the full extent of the law, whether arising under the common law and/or statutory law, as follows:

   a. That the Court issue service of process to Defendants as authorized by law;

   b. That Defendants Answer this Complaint as provided by law;

   c. That Plaintiffs have a trial by jury;

   d. That Plaintiffs recover from Defendants for all damages, economic and non-economic, tangible and intangible, general and special, that are compensable under Georgia law that are sufficient to compensate fully and fairly for all losses proximately caused by the tortious acts and omissions of Defendants, to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial;

e. That punitive damages be awarded against Defendants under O.C.G.A. § 51-12-5.1 and other applicable law, and in a manner consistent with that of the U.S. and Georgia Constitutions, as set forth above;

f. That all costs be taxed against Defendants; and

g. That the Court award such other and further relief as it shall deem just and appropriate, including but not limited to, pre- and post judgment interest at the lawful rate, and an award of attorneys' fees on all applicable Counts as permitted by any and all applicable law.

## IX. DEMAND FOR JURY TRIAL

55. Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 3, 2024

Respectfully submitted,

*/s Taylor C. Bartlett*
Taylor C. Bartlett (GA Bar No. 778655)
Email: taylor@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2727 Paces Ferry Road SE
Suite 750
Atlanta, GA 30339
Telephone: (205) 326-3336
Facsimile: (205) 326-3332